UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SRIKANTH SREEDHAR,

              Plaintiff,

-against-

NATIONAL INSTITUTE OF TECHNOLOGY KARNATAKA; MANGALORE UNIVERSITY,

              Defendants.

25-CV-3100 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Federal Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. By order dated April 23, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this 132-page complaint against the National Institute of Technology Karnataka and Mangalore University, both of which are located in India.[1] Plaintiff alleges that Defendants violated his rights under FERPA, because his "marks are being displayed on the

---

[1] Plaintiff has filed other *pro se* cases in this district. Those that remain pending will be addressed by separate order. *See Sreedhar v. Judicial Conf. of the United States*, No. 25-CV-2213 (S.D.N.Y. filed Mar. 17, 2025); *Sreedhar v. Arizona State Univ.*, No. 25-CV-1853 (S.D.N.Y. filed Mar. 2, 2025); *Sreedhar v. Rowe*, No. 25-CV-699 (S.D.N.Y. Jan. 22, 2025); *Sreedhar v. Modi*, No. 25-CV-522 (S.D.N.Y. filed Jan. 16, 2025); *Sreedhar v. AECOM*, No. 25-CV-482 (S.D.N.Y. filed Jan. 18, 2025); *Sreedhar v. Univ. of Florida*, No. 25-CV-407 (S.D.N.Y. filed Jan. 10, 2025); *Sreedhar v. Farrell*, No. 25-CV-1989 (LTS) (S.D.N.Y Mar. 14, 2025) (transferring complaint to the United States District Court for the District of Massachusetts because the named defendant was the clerk of that court); *Sreedhar v. US Gov't*, No. 24-CV-7440 (LTS) (S.D.N.Y. Mar. 4, 2025) (dismissing complaint, after granting leave to amend, for lack of subject matter jurisdiction), *appeal pending* No. 25-546 (2d Cir.).

INTERNET without" his consent.[2] ECF 1 ¶ I. He further alleges that the defendants committed forgery, falsified his transcripts and meeting minutes, which lead "to stalking, privacy violation and murder." *Id.* Plaintiff seeks, among other things, an order protecting his "internet privacy." *Id.* ¶ IV.

Since filing this complaint, Plaintiff has filed multiple motions in this case seeking various forms of relief.

## DISCUSSION

Plaintiff asserts that Defendants violated his rights under FERPA. That statute "prohibits the federal funding of schools that have a policy or practice of permitting the release of students' education records without their parents' written consent." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 273 (2002). FERPA is "spending legislation" that "directs the Secretary of Education to enforce its nondisclosure provisions" by establishing a review board to investigate, adjudicate, and potentially terminate funding due to alleged FERPA violations. *Id.* (citing 20 U.S.C. §§ 1232g(f)-(g), 1234c(a)). FERPA does not create a private right of action for individuals to sue for any alleged privacy violations. *See Simpson ex rel. Simpson v. Uniondale Union Free Sch. Dist.*, 702 F. Supp. 2d 122, 129 (E.D.N.Y. 2010) ("An aggrieved individual may seek administrative remedies for the enforcement of FERPA provisions, but FERPA does not create a private cause of action . . . ." (citing *Gonzaga Univ.*, 536 U.S. at 276)).

In the present case, Plaintiff attempts to bring a claim against Defendants for violating FERPA. The statute does not, however, confer a private right of action for any alleged violations of Plaintiff's privacy rights. In any event, FERPA applies only to institutions receiving federal

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

funding, and there are no allegations in the complaint that the institutions named as Defendants in this matter, both of which are located in India, are the recipients of federal funding. For these reasons, Plaintiff cannot maintain an action against Defendants for alleged FERPA violations.

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to terminate all pending motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   April 29, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge